GREEN ET AL., BD. OF COMMRS. OF LAKE COUNTY, ET AL., APPELLANTS, *v.* NOBLE, DIR. OF HIGHWAYS, APPELLEE.[*]

(No. 6546—Decided April 4, 1961.)

*Messrs. Mitchell, Mitchell & Reed, Messrs. Dunbar, Kienzle & Murphey* and *Mr. Edward R. Ostrander*, prosecuting attorney, for appellants.

*Mr. Mark McElroy*, attorney general, *Mr. William E. Fowler, Jr.*, and *Mr. Harry R. Paulino*, for appellee.

---

[*]For opinion on merits, see 114 Ohio App., 321.

*Per Curiam.* The defendant, Director of Highways, appellee herein, has filed a motion to revise the bill of exceptions or take additional testimony or remand it for revision. The action was for declaratory judgment arising from a dispute over the responsibility for the expense of relocating water mains in connection with the construction of state route No. 1.

The relocations involved in the dispute had not, in fact, been accomplished at the time the action was brought. The parties submitted the case on stipulations as to the proposed location of the mains. After judgment had been entered by the lower court, and the completion of the work, it was discovered that a portion of the mains was not located as anticipated by the stipulations.

Section 2321.14, Revised Code, provides:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

It is apparent in the present case that the bill of exceptions contains exactly what was submitted to the trial court. There is no error or omission in that regard. Rather, appellee is relying upon the change in the facts presented to the court. The matter has, therefore, never been considered by the trial court.

We think it is apparent that this court cannot add to a bill of exceptions material which was not presented to the trial court, nor can we remand it to the trial court for the addition of such material to be used on the appeal.

The dispute here involved proposed conduct. Since a portion of the conduct never occurred as anticipated, that part of the case has become moot. That which did occur presents a new controversy. We might note that it is probable that a determination of that portion of the present lawsuit which is not moot will establish the principles from which the parties may determine their responsibilities without further litigation.

Appellee's motion for revision of the bill of exceptions is overruled.

*Motion overruled.*

Duffey, P. J., Bryant and Duffy, JJ., concur.